**NOT FOR PUBLICATION**

MAR 18 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SVETLANA KUDINA,

           Plaintiff - Appellant,

   v.

CITIMORTGAGE INC,

           Defendant - Appellee.

No. 11-35897

D.C. No. 3:10-cv-05887-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

     Svetlana Kudina appeals pro se from the district court's summary judgment in her action challenging her mortgage-related obligations and resulting notices of default. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002), and we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly denied Kudina's motion for summary judgment, and granted defendant's cross-motion for summary judgment, because Kudina failed to raise a genuine dispute of material fact as to whether defendant's attempts to enforce contractual obligations regarding an escrow account accompanying her mortgage were fraudulent, negligent, or warranted injunctive relief. *See McCormack v. Hiedeman*, 694 F.3d 1004, 1010 (9th Cir. 2012) (setting forth preliminary injunction standard); *Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008) (listing the elements of fraud); *Caughell v. Grp. Health Coop. of Puget Sound*, 876 P.2d 898, 906 (Wash. 1994) (listing the elements of negligence); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (party opposing summary judgment must come forward with significant probative evidence as to each element of the claim on which it bears the burden of proof).

Kudina's contentions regarding the district court's alleged unfamiliarity with the record, the status of formal foreclosure proceedings, the implications of a post-judgment refund check from CitiMortgage, and the application of the decision in *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012), are unpersuasive.

We do not consider issues referenced in Kudina's Notice of Appeal but not argued in her briefs, or issues raised for the first time in her reply brief, including

regarding discovery, leave to amend, and alleged judicial bias. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Kudina's motion to supplement the record and her request for judicial notice, filed on September 24 and 25, 2012, are granted.

We treat Kudina's letter to the court, received on January 27, 2014, as a motion to expedite, and deny it as moot.

**AFFIRMED.**